UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ETIBAR MAMMADRZAYEV,

Petitioner,

v.

WARDEN BRIAN ENGLISH *et al.*,

Respondents.

CAUSE NO. 3:26cv765 DRL-SJF

ORDER

Immigration detainee Etibar Mammadrzayev, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. The petition is fully briefed.

Mr. Mammadrzayev is a citizen of Azerbaijan who entered the United States on an F-1 visitor visa in 2012 [8-1]. His status was later adjusted to conditional permanent resident. In 2023, he was admitted as a legal permanent resident. On July 23, 2025, United States Immigration and Customs Enforcement (ICE) issued a notice to appear and terminated his conditional permanent residence. Mr. Mammadrzayev has a criminal history that includes arrests for trespassing, driving under the influence, and intimidation. On November 13, 2025, he was arrested for battery and subsequently transferred to ICE custody pursuant to an administrative warrant. He has been in custody ever since.

Mr. Mammadrzayev requested custody redetermination before an immigration judge pursuant to 8 C.F.R. § 1236. On March 10, 2026, the immigration judge denied bond, concluding Mr. Mammadrzayev did not meet his burden of establishing he did not pose a

danger to the community. On March 17, 2026, the immigration judge ordered Mr. Mammadrzayev removed to Azerbaijan. He appealed both the removal order and the bond order to the Board of Immigration Appeals (BIA). These appeals still pend.

He filed this habeas petition, arguing that his continued detention has become prolonged while his direct administrative appeal remains pending before the BIA. He argues that because he has remained detained for months while pursuing a nonfrivolous direct administrative appeal, and there exists no fixed timeline for completion of proceedings before the BIA, his continued detention without additional procedural safeguards violates due process. Moreover, he argues his bond hearing was procedurally deficient because (1) the immigration judge's decision "relies on dismissed charges, an arrest not identified as a conviction, and one misdemeanor driving conviction, yet identifies no affirmative finding connecting that history to present dangerousness," and (2) the burden should have been placed on the government to prove by clear and convincing evidence that he posed a danger to the community.

As a preliminary matter, Mr. Mammadrzayev was ordered to show cause why every respondent but the Miami Correctional Facility Warden, the only respondent who exercises "day-to-day control" over him, should not be dismissed under *Kholyavskiy v. Achim*, 443 F.3d 946, 952 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir. Hudson*

*Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3rd Cir. 2021). In his response, Mr. Mammadrzayev agrees these non-custodial respondents should be dismissed. Accordingly, the court will dismiss every respondent other than the Warden of Miami Correctional Facility. For clarity, the court refers to the responding party as the Warden from this point forward.

In his response, the Warden argues Mr. Mammadrzayev's habeas petition should be dismissed because he did not exhaust his available administrative remedies before filing the petition, as his appeal of the immigration judge's decision denying bond still is pending before the BIA.

The Attorney General has delegated his discretion under 8 U.S.C. § 1226(a) to release a noncitizen from detention during removal proceedings by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). The noncitizen may appeal the immigration judge's decision on custody redetermination to the BIA. 8 C.F.R. § 236.1(d)(3).

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). But where "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be accomplished. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). In exercising discretion whether to depart from the general rule, the court considers "the nature of the claim presented and the characteristics of the particular administrative procedure provided," *McCarthy*, 503 U.S. at 146, always cognizant that "individual interests demand that exhaustion be excused" when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002)).

Here, it is undisputed Mr. Mammadrzayev's appeal of the immigration judge's decision denying bond still is pending before the BIA. A discretionary detainee held under § 1226(a) generally should exhaust his available remedies before bringing his habeas corpus petition. *See Z.G. v. Olson*, __ F. Supp.3d __, 2026 WL 1279081, 2 (N.D. Ind. May 11, 2026) (Leichty, J.); see, e.g., *Singh v. English*, No. 3:25cv1046, 2026 WL 775558, 5-6 (N.D. Ind. Mar. 19, 2026) (Brisco, J.) (citing *Uddin v. Lowe*, No. 3:16cv2561, 2017 WL 2960791, 3 (M.D. Penn. July 11, 2017) ("discretionary detainees held under 8 U.S.C. § 1226(a) have a whole set of available administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary," including fully appealing the denial of bond

redetermination to the BIA); *see also Morones-Ramirez v. English*, No. 3:26cv396, slip op. at 5-6 (N.D. Ind. May 26, 2026) (dismissing burden-of-proof claim for failure to exhaust because he filed his petition without first appealing the immigration judge's decision denying bond to the BIA).

Mr. Mammadrzayev argues that requiring him to appeal the immigration judge's bond decision to the BIA would be futile because he is seeking to vindicate his constitutional rights and the BIA lacks jurisdiction to adjudicate constitutional claims. True, "an exception to the exhaustion requirement has been carved out for constitutional challenges to agency procedures because the BIA has no jurisdiction to adjudicate constitutional issues." *Gonzalez*, 355 F.3d at 1017 (cleaned up). But Mr. Mammadrzayev's optional question on appeal—whether the immigration judge erred in weighing the evidence and concluding he posed a danger to the community—is a question within the BIA's jurisdiction, and one it is well equipped to address. *See Z.G.*, 2026 WL 1279081, 4-5 (same); *Gonzalez v. Maples*, No. 4:26cv22, 2026 WL 1073846, 5 (S.D. Ind. Apr. 20, 2026) (Pratt, J.) (requiring petitioner to exhaust argument that the government should bear the burden of proof at a bond hearing because "the constitutional claim overlaps substantially with a specific administrative decision"). His complaint is really about procedural errors, and a ruling in his favor would grant him the relief he seeks without need to recast them as constitutional claims. *See Khan v. Attorney General*, 448 F.3d 226, 236 n.8 (3rd Cir. 2006) (though exhaustion "is not always required when the petitioner advances a due process claim," the court looks beyond the "due process label" and considers whether a purported due process claim "amounts to a procedural error correctible through the administrative process"); *In re Establishment*

*Inspection of Kohler Co.*, 935 F.2d 810, 812-13 (7th Cir. 1991) (noting that the rationale for requiring exhaustion "may be even stronger in the context of a case, like this one, that raises a constitutional question," as "the exhaustion requirement enables courts to avoid deciding cases on constitutional grounds unnecessarily; during administrative proceedings the constitutional issue, or the entire case, for that matter, may be resolved favorably for the aggrieved party, obviating the need for the courts to address the constitutional claim."). Accordingly, Mr. Mammadrzayev's petition for writ of habeas corpus will be dismissed without prejudice and subject to renewal should he exhaust his available administrative remedies.

For these reasons, the court DENIES the petition for a writ of habeas corpus without prejudice (ECF 1).

SO ORDERED.

August 17, 2026

*s/ Damon R. Leichty*
Judge, United States District Court